UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

## RECEIVER'S REPORT REGARDING BANESTRAL GROUP USA, INC.

Peter D. Russin, in his capacity as temporary receiver (the "***Receiver***") of Partners in Health Care Association, Inc; United Solutions Group Inc.; and their subsidiaries, affiliates, successors and assigns (collectively the "***Receivership Entities***"), appointed pursuant to this Court's Temporary Restraining Order dated August 25, 2014 (the "***TRO***"), and pursuant to the Court's ruling at the evidentiary hearing with respect to the preliminary injunction held on September 4, 2014, the Receiver (himself and/or through his agents) immediately took action[1] to request information and documentation, meet with parties, and diligently review and consider whether Banestral Group USA, Inc.[2] should be permitted to continue its business operations. After diligent review and consideration as set forth below, the Receiver submits his Report Regarding Banestral Group USA, Inc.:

---

[1] A meeting was held from 6:30 p.m. to 9:00 p.m. and review of information and documentation continued late into the night so that by 9:00 a.m., the Receiver was able to finalize his review and permit Banestral to recommence operations.

[2] Banestral's name was changed on September 3, 2013 from World Parcel Express Services, Inc. a/k/a WPES. Banestral is the owner of fictitious names: Mega Destino and Mega Vacations, while also doing business as MV Club. (Collectively, Banestral Group USA Inc., World Parcel Express Services, Inc., WPES, Mega Destino, Mega Vacations and MV Club shall be referred to as "***Banestral***").

1. I reviewed and considered the Affidavit of Walter S. Vargas in Support of Continuing to Operate Banestral, attached as Exhibit 1.

2. I reviewed and considered the Affidavit of Jaime Vargas dated August 29, 2014 and all its Composite Exhibits,[3] attached as Exhibit 2 (which includes the listing of the Composite Exhibits).

3. I reviewed and considered Banestral's Citibank N.A.'s account ending *2473's bank statements including cancelled checks for the period of January 1, 2014 through August 31, 2014, except for the month of February 2014.[4]

4. I reviewed and considered United Solutions Group, Inc.'s d/b/a Debt Relief Experts, Inc. ("*USG*") JPMorgan Chase Bank, N.A. account ending *8249's bank statements for period November 30, 2013 through August 29, 2014, including its hand written check book register from January 24, 2014.

5. I reviewed and considered the filed 2012 tax return and 2013 prepared and finalized tax return of Banestral.[5]

6. I reviewed and considered the filed 2012 tax return and 2013 prepared and finalized tax return of USG.[6]

7. I reviewed and considered the filed 2012 tax return and 2013 prepared and finalized tax return of Walter Steven Vargas.[7]  I also reviewed and considered Mr. Vargas' 2013 W-2 from Banestral, last pay stub 2013 with YTD totals from Banestral, and 2013 finalized and prepared tax return, all reflecting his sole source of income as Banestral.

---

[3] The Composite Exhibits are quite voluminous so not attached here, but will be made available upon request.
[4] I had only requested bank records for the six (6) months preceding the TRO and was provided statements from January 2014; however, the one February 2014 statement was misplaced and not provided.
[5] The 2013 tax return is on extension until September 15, 2014.
[6] The 2013 tax return is on extension until September 15, 2014.
[7] The 2013 tax return is on extension until September 15, 2014.

8. I reviewed and considered invoices reflecting that the purchase of the computers and phones located at 28 West Flagler Street, Suite 900/901/904, Miami, FL 33130, were purchased by Banestral.

## **CONCLUSION**

Based on my review and consideration of the foregoing, coupled with the representations and warranties made by the Affiants in the Affidavits attached hereto, I have determined that, consistent with the Court's ruling on September 4, 2014, Banestral is financially independent of USG and Banestral should not be enjoined from continuing its business operations. Thus, on September 5, 2014 at approximately 11:30 a.m., I relinquished full control of Banestral and returned possession and control to Walter Steven Vargas, as President of Banestral, including the turnover of all four keys made and the access card to the business premises. As of such time, I am no longer acting as Receiver for Banestral in any capacity.

Further, Banestral has allowed the Receiver to store USG's assets, comprising a desk, a cabinet/credenza, a rolling desk chair, two guest chairs (white) and two old chairs, for no charge at 28 W. Flagler Street, Unit 900, Miami, FL 33130 ("*Flagler*"), in one locked room for a period of six (6) months, with an option to extend for another six (6) months with no payment required unless otherwise agreed upon. As part of the arrangement, Banestral shall provide the Receiver and his agents reasonable access to Flagler upon reasonable notice, so that the Receiver may have access to USG's assets.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

I have inquired and been assured that Banestral is operational and that no further attention from the Receiver is required.

Dated: September 9, 2014.

                                              s/ Peter D. Russin
                                              Peter D. Russin, Receiver
                                              prussin@melandrussin.com
                                              200 South Biscayne Blvd., Ste. 3200
                                              Miami, Florida  33131
                                              Telephone: (305) 358-6363
                                              Telecopy: (305) 358-1221

                                              *The Receiver*

                                              --and--

                                               s/ Lawrence E.  Pecan
                                              Lawrence E. Pecan, Esquire
                                              Florida Bar No. 99086
                                              lpecan@melandrussin.com
                                              MELAND RUSSIN & BUDWICK, P.A.
                                              200 South Biscayne Blvd., Ste. 3200
                                              Miami, Florida  33131
                                              Telephone: (305) 358-6363
                                              Telecopy: (305) 358-1221

                                              *Attorneys for Peter D. Russin, Receiver*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via transmission of Notices of Electronic Filing generated by CM/ECF, via electronic mail and/or via Regular U.S. Mail on September 9, 2014, on all counsel or parties of record on the Service List below.

s/ Lawrence E. Pecan  
Lawrence E. Pecan, Esquire

## SERVICE LIST

*Federal Trade Commission v. Partners In Health Care Association, Inc., et al.*,
Case No. 14-cv-23109-SCOLA
United States District Court, Southern District of Florida

**Via CM/ECF:**
**Christopher E. Brown, Esq.**
cbrown3@ftc.gov
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
Telephone: (202) 326-2825
*Attorneys for Plaintiff*

**Via CM/ECF:**
**Gary L. Ivens, Esq.**
givens@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: (202) 326-2230
*Attorneys for Plaintiff*

**Via CM/ECF:**
**Tara A. Campion, Esq.**
tcampion@rogowlaw.com.
Bruce S. Rogow, Esq.
brogow@rogowlaw.com
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Ft. Lauderdale, FL 33394
*Attorneys for Defendants, United Solutions Group, Inc., Constanza Gomez Vargas and Walter S. Vargas*

**Via CM/ECF:**
**Keith T. Grumer, Esq.**
kgrumer@grumerlaw.com
Grumer & Macaluso, P.A.
1 East Broward Blvd.
Suite 1501
Ft. Lauderdale, FL 33301
*Attorneys for Defendant Partners In Health Care Association, Inc.*

LAW OFFICES OF MELAND RUSSIN & BUDWICK, P.A.
3200 SOUTHEAST FINANCIAL CENTER, 200 SOUTH BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131 • TELEPHONE (305) 358-6363
{Firm Clients/5522/5522-1/01499918.DOCX.}