UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.*,

    Defendants.
_____/

## ORDER RELINQUISHING TEMPORARY RESTRAINING ORDER WITH REGARD TO BANESTRAL GROUP USA, INC.

THIS CAUSE came before the Court pursuant to the Court's ruling at the evidentiary hearing held on September 4, 2014 on this Court's Order to Show Cause why this Court should not enter a preliminary injunction against Defendants (the "*Hearing*"). At the Hearing, the Court considered whether Banestral Group USA, Inc.[1] should continue to be subject to the Temporary Restraining Order dated August 25, 2014 ("*TRO*").

At the Hearing, the Court determined that Banestral is an affiliate of United Solutions Group Inc. ("*USG*"). However, the Court was not convinced that Banestral should continue to be restrained pursuant to the TRO because, among other reasons, the business of USG is discount health products, while the business of Banestral is related solely to travel.

---

[1] Banestral's name was changed on September 3, 2013 from World Parcel Express Services, Inc. a/k/a WPES. Banestral is the owner of fictitious names: Mega Destino and Mega Vacations, while also doing business as MV Club. (Collectively, Banestral Group USA Inc., World Parcel Express Services, Inc., WPES, Mega Destino, Mega Vacations and MV Club shall be referred to as "*Banestral*").

1

The Court requested that Banestral cooperate with the Receiver and provide information so that the Receiver may determine whether Banestral and USG have financial transactions between them such that Banestral should remain subject to the TRO.

The Court, based on the previous findings at the Hearing and considering the Receiver's Report Regarding Banestral Group USA, Inc. ("***Receiver's Banestral Report***"), does

ORDER that:

1. As of September 5, 2014 at 11:30 a.m., Banestral shall no longer be the subject of the TRO.

2. The Court recognizes and approves the Receiver's relinquishment, as of September 5, 2014 at 11:30 a.m., of full control of Banestral and return of possession and control of its operations and assets to Walter Steven Vargas, as President of Banestral, including the turnover of exclusive access to the business premises.

3. As of September 5, 2014 at 11:30 a.m., the Receiver was no longer acting as Receiver for Banestral in any capacity.

4. Further, the Court approves Banestral allowing the Receiver to store USG's assets, comprising a desk, a cabinet/credenza, a rolling desk chair, two guest chairs (white) and two old chairs, for no charge at 28 W. Flagler Street, Unit 900, Miami, FL 33130 ("***Flagler***"), in one locked room for a period of six (6) months, with an option to extend for another six (6) months with no payment required unless otherwise agreed upon. As part of the arrangement, Banestral shall provide the Receiver and his agents reasonable access to Flagler upon reasonable notice, so that the Receiver may have access to USG's assets.

5.      The Court reserves jurisdiction over Banestral for the purpose of determining the amount, if any, of fees and expenses associated with the TRO and Receivership for which Banestral may be responsible.

SO ORDERED, this __10__ day of September, 2014.

_____
UNITED STATES DISTRICT JUDGE
ROBERT N. SCOLA, JR.