UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

### RECEIVER'S EXPEDITED MOTION FOR THE ENTRY OF AN ORDER APPROVING THE NOTICE TO BE SENT TO BENEFICIARIES OF PLANS SOLD OR ADMINISTERED BY PARTNERS IN HEALTH CARE ASSOCIATION INC.

#### STATEMENT OF EXIGENCY

> The Receiver requests this Court enter an order approving the notice to be sent to beneficiaries of plans administered by the defendant. The Court suggested that notice to beneficiaries may be necessary. The Receiver seeks the Court's approval of the notice to beneficiaries. Although the plan benefits are suspect, because the beneficiaries may need to pursue other sources of medical benefits, the approval and delivery of the notices is time-sensitive.

Peter D. Russin, in his capacity as receiver (the "***Receiver***") of Partners in Health Care Association, Inc.; United Solutions Group Inc.; and their subsidiaries, affiliates, successors and assigns (collectively the "***Receivership Entities***"), appointed pursuant to this Court's Temporary Restraining Order dated August 25, 2014 [ECF No. 9] (the "***TRO***"); the Stipulated Preliminary Injunction Against United Solutions Group Inc., Constanza Gomez Vargas, and Walter S. Vargas [ECF No. 31] (the ***"USGI Preliminary Injunction"***); and the Corrected Preliminary Injunction Against Partners In Health Care Association, Inc., and Gary L. Kieper [ECF No. 36] (the ***"PIHC***

***Preliminary Injunction"***)[1] files this Motion, on an expedited basis, for the entry of an Order approving the suggested notice to be sent to beneficiaries of plans sold or administered by Partners In Health Care Association Inc (the ***"Motion"***) and states:

## BACKGROUND

1. The United States Federal Trade Commission (the "***FTC***") initiated this marketing fraud enforcement action, seeking to enjoin the sale of medical discount plans, which the FTC asserts were marketed falsely, at least in part, as health insurance. At the request of the Plaintiff and based upon a preliminary showing of marketing fraud, the Court issued the TRO.

2. At the evidentiary hearing held on September 4, 2014 on this Court's Order to Show Cause why this Court should not enter a preliminary injunction against Defendants (the "***Hearing***"), the Court ruled that a preliminary injunction against the Receivership Entities should be entered, and further directed that the operations of United Solutions Group, Inc., and Partners In Health Association, Inc. (and its affiliates) shall cease. Additionally, the Court expressed the potential need for the customers of the Receivership Entities to receive notice of the cessation of operations, such that if they relied on the medical benefits provided by the Receivership Entities, the customers would be on notice that they need to seek an alternative.

## RELIEF REQUESTED

3. By this motion, the Receiver seeks entry of an Order approving the notices, which are attached as Exhibit A, to be sent to beneficiaries of plans sold or administered by Partners In Health Care Association Inc.

---

[1] Collectively the USGI Preliminary Injunction and PIHC Preliminary Injunction are referred to as the ***"Preliminary Injunctions."***

## MEMORANDUM OF LAW

4. Federal district courts have broad powers and wide discretion to determine relief in a receivership. *See SEC v. Elliott*, 953 F.2d 1560, 1566 (11th Cir. 1992); *SEC v. First City Fin. Corp.*, 890 F.2d 1215, 1230 (D. D.C. 1989). Courts should take actions "to ensure that all available assets . . . may be properly distributed to creditors." *See SEC v. Elmas Trading Corp.*, 620 F.Supp. 231, 233 (D. Nev. 1985), *aff'd*, 805 F.2d 1039 (9th Cir. 1986). Courts regularly approve notices to different classes of creditors. *S.E.C. v. Hardy*, 803 F.2d 1034, 1036 (9th Cir. 1986); *S.E.C. v. Malek*, 397 F. App'x 711 (2d Cir. 2010).

5. Here, the Receiver seeks to inform a specific class of interested parties and potential creditors of the Receivership on an expedited basis such that they may take actions to ensure they are adequately protected in the absence of any health benefits terminated pursuant to the Preliminary Injunctions. The Receiver has prepared a list of approximately 1,700 current plan beneficiaries to which to send the notice. This list is provided by the enrollment program used by PIHC and indicates the last known active customers. The notice would be sent to the listed customers by mail as email addresses are generally unavailable. The Receiver is also attempting to post the notices on the web sites used by PIHC and its affiliates. It would be cost prohibitive to leave a voice mail message or to call the customers and frankly such calls may create confusion.

6. The Receiver has attempted to obtain (but has not yet obtained) a list of all *former* beneficiaries. The Receiver, however, has determined that notice should be sent to current beneficiaries, rather than former beneficiaries, as (i) there appear to be more than 15,000 former beneficiaries; (ii) the cost of providing notice to such individuals is burdensome; and (iii) unlike

former beneficiaries, present beneficiaries may be damaged by relying on benefits which they believe may exist.

7. "A district court's power to supervise an equity receivership once the receivership is underway is extremely broad." *F.T.C. v. Crittenden*, 823 F. Supp. 699, 702 (C.D. Cal. 1993) *aff'd*, 19 F.3d 26 (9th Cir. 1994). "The court has broad powers to determine the action to be taken in the administration of the receivership." *Id.* The Receiver submits that approval of this notice is well within the Court's power and appropriate under the circumstances.

WHEREFORE, the Receiver requests the Court approve the notices attached as Exhibit A, and grant such other and further relief as is just and appropriate.

        Respectfully submitted,

        s/ Lawrence E. Pecan
        Lawrence E. Pecan, Esquire
        Florida Bar No. 99086
        lpecan@melandrussin.com
        MELAND RUSSIN & BUDWICK, P.A.
        200 South Biscayne Blvd., Ste. 3200
        Miami, Florida  33131
        Telephone: (305) 358-6363
        Telecopy: (305) 358-1221

        *Attorneys for Peter D. Russin, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being delivered to the following parties via transmission of Notices of Electronic Filing this 15th day of September, 2014.

                         s/ Lawrence E. Pecan
                         Lawrence E. Pecan, Esquire

**Gary L. Ivens**
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
Fax: 326-3395
Email: givens@ftc.gov

**Christopher E. Brown**
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
202-326-2825
Email: cbrown3@ftc.gov

**Keith Thomas Grumer**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
954-713-2700
Fax: 954-713-2713
Email: kgrumer@grumerlaw.com

**Bruce S. Rogow**
Bruce S. Rogow PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
954-767-8909
Fax: 954-764-1530
Email: brogow@rogowlaw.com

**Tara A Campion**
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Fort Lauderdale, FL 33394
(954) 767-8909
Fax: (954) 764-1530
Email: tcampion@rogowlaw.com