UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-23109-CIV-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE ASSOCIATION, INC. (also d/b/a/ Partners In Health Care, Inc.),
GARY L. KIEPER (individually and as officer or director of Partners In Health Care Association, Inc.),
UNITED SOLUTIONS GROUP INC. (also d/b/a Debt Relief Experts, Inc.),
WALTER S. VARGAS (individually and as an officer or director of United Solutions Group Inc.),
CONSTANZA GOMEZ VARGAS (individually and as a director or manager of United Solutions Group Inc.),

    Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, PARTNERS IN HEALTH CARE ASSOCIATION, INC. and GARY L. KIEPER by and through undersigned counsel, answers the Complaint filed by Plaintiff, FEDERAL TRADE COMMISSION [DE 1] (the "Complaint") and states:

### ANSWER

1. Statement of legal claim requires no response.

2. Denied.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied that Defendant PIH sells a medical discount card to consumers that believe they are purchasing health insurance.

8. Admitted that PIH is a for profit Wisconsin corporation located in Appleton, Wisconsin; the remainder of the paragraph is denied.

9. Admitted that Defendant Kieper is the president and sole officer of PIH, and resides in Wisconsin. Denied that Defendant Kieper "orchestrated" any unlawful activities, or marketed a "Discount Card" or undertook any of the alleged acts and practices set forth in the Complaint.

10. Without knowledge, therefore, denied.

11. Without knowledge, therefore, denied.

12. Without knowledge, therefore, denied.

13. Statement of claim requires no response.

14. Admitted.

15. Denied.

16. Admitted that the written materials send to consumers conspicuously states the product is not health insurance; the remainder of the paragraph is denied.

17. Denied.

18. Admitted that PIH enters into marketing agreements that require its prior approval for all scripts intended to be used. The remainder of the paragraph is denied.

19. Denied.

20. Denied.

21. Denied.

22. Without knowledge, therefore, denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Without knowledge, therefore, denied.

30. Admitted that PIH requires a thorough verification process prior to sale; the remainder of the paragraph is denied.

31. Denied.

32. Admitted that post verification, and post sale, consumers receive their welcome package in the mail; the remainder of the paragraph is denied.

33. Admitted that consumers are billed an application fee and monthly

34. Denied that consumers receive their welcome package more than ten days post purchase.

35. Admitted that markets are typically paid on a commission basis based upon recurrent charges; the remainder of paragraph is denied.

36. Admitted that the welcome package including the member cards include the written disclaimer that the product is not insurance; the remainder of the paragraph is denied.

37. Without knowledge, therefore, denied.

38. Denied.

39. Denied.

40. Denied.

41. The PIH product was not intended to replace health insurance; Without knowledge, therefore, denied, as the remainder of the allegation.

42. Statement of law requires no response.

43. Statement of law requires no response.

44. Denied.

45. Admitted that the product sold by Defendants is not insurance, and not intended to be insurance. The remainder of the paragraph is denied.

46. Denied.

47. Statement of law requires no response.

48. Admitted.

49. Statement of law requires no response.

50. Statement of law requires no response.

51. Statement of law requires no response.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Statement of law requires no response.

58. Statement of law requires no response.

59. Prayer for relief requires no response.

**AFFIRMATIVE DEFENSES**

60. *First Affirmative Defense*: As their first affirmative defense, Defendant Kieper asserts lack of knowledge of the alleged misconduct and misrepresentations of the marketers of the PIH product, and his good faith belief that the product was being marketed in compliance with the FTC Act and Telemarketing Sales Rule.

61. *Second Affirmative Defense*: As their second affirmative defense, Defendants assert the claims for alleged misconduct pursuant to Section 19 of the FTC Act that predate the three year statute of limitations are barred.

WHEREFORE, Defendants Partners in Health Care Association, Inc and Gary L. Kieper, request this Court dismiss the Complaint and enter judgment in their favor, and against Plaintiff, and award costs of suit and such other and further relief as the Court deems just.

Respectfully submitted,

GRUMER & MACALUSO, P.A.
Attorneys for DEFENDANTS
One East Broward Boulevard, Suite 1501
Fort Lauderdale, Florida 33301
(954) 713-2700
(954) 713-2713 (fax)
Primary Email:        Service@grumerlaw.com
Secondary Emails:     kgrumer@grumerlaw.com
                      slopez@grumerlaw.com


By: __/s/ Keith T. Grumer_____
     KEITH T. GRUMER
     FLORIDA BAR No.: 550416

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 17th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Keith T. Grumer