UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14- 23109-CIV-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE ASSOCIATION, INC. (also d/b/a/ Partners In Health Care, Inc.),
GARY L. KIEPER (individually and as officer or director of Partners In Health Care Association, Inc.),
UNITED SOLUTIONS GROUP INC. (also d/b/a Debt Relief Experts, Inc.),
WALTER S. VARGAS (individually and as an officer or director of United Solutions Group Inc.),
CONSTANZA GOMEZ VARGAS (individually and as a director or manager of United Solutions Group Inc.),

    Defendants.

_____/

## DEFENDANTS' RESPONSE TO RECEIVER'S EXPEDITED MOTION FOR THE ENTRY OF AN ORDER APPROVING THE NOTICE TO BE SENT TO BENEFICIARIES OF PLANS SOLD OR ADMINISTERED BY PARTNERS IN HEALTH CARE ASSOCIATION, INC.

Defendants PARTNERS IN HEALTH CARE ASSOCIATION, INC. and GARY L. KIEPER, respond to the Expedited Motion for the Entry of An Order Approving the Notice to be Sent to Beneficiaries of Plans Sold or Administered by Partners in Health Care Association, Inc. (DE 38), as follows:

1.    <u>Summary of Response</u>: Defendants do not oppose notice to the current enrollees of the Partners in Health Care product, but believes the Notice proposed by the Receiver (DE 38-1) is

inaccurate, incomplete, and inconsistent with this Court's pronouncements at the September 4, 2014 hearing where in the Court indicated the notice should offer a procedure to permit current customers to state their desire to continue with the PIHC product.[1]  The proposed Notice states, "On September 4, 2014 the Court ruled that the PIHC Companies shall cease operating and entered a preliminary injunction" and informs current enrollees to seek an alternative source of benefits.  Contrary to the Court's pronouncements, the Notice does not provide a means for those enrollees who are satisfied with the PIHC product to notify the Receiver of their desire to remain enrolled.  The Proposed notice is inaccurate in that the shutdown the operations of the PIHC Companies came at the hands of the Receiver, and not by Court order, as the Court has yet to make a final determination.

2.      <u>Court Did Nor Order the PIH Companies Shall Cease Operating</u>:  First and foremost, the proposed Notice is incorrect, as this Court did not order the shutdown of the PIHC Companies.  The September 9, 2014 Preliminary Injunction Against Partners In Health Care Association, Inc and Gary L. Kieper ("Temporary Injunction Order")(DE 32) does not shut down the operations of the PIHC Companies, and only prohibits them from engaging in misrepresentations or unlawful marketing activities in violation of the FTC Act, and requires the PIHC Companies to make the required disclosures consistent with the FTC Act in the future.  (See DE 32, at Sections III – V).  These specific terms of the Temporary Injunction Order do not force the shutdown of the operations of the PIHC Companies, and the proposed Notice is inaccurate and disseminates misinformation.

The Temporary Injunction Order at Sections VI, XIV- XVI also orders an Asset Freeze and Appoints Mr. Russin as Receiver, and gives the Receiver broad powers over the PIHC

---

[1] At the September 4, 2014 hearing, the Court offered by way of example that of a purchaser of an automobile who after being told that the vehicle he purchased actually had more mileage than was represented, decides he wants to keep the car.

GRUMER & MACALUSO, P. A.
ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM

Companies' (and Mr. Kieper's) assets and business operations. At Section XV(H), the Receiver is authorized to "suspend operations of the Receivership Defendant if, in the judgment of the Receiver, such operations cannot be continued legally or profitably." The Receiver has, in fact, taken control over all corporate and individual assets and has shut down all operations of the PIHC companies, presumably on his judgment that the operations "cannot be continued legally or profitably." Essentially, without accounting to the Court, the FTG or the parties, and without consulting with or feedback from current customers, the Receiver has pre-determined that these Defendants' operations shall cease indefinitely because they cannot (or should not) continue in his opinion.

3.  <u>Proposed Notice Does Not Allow For Current Customers to Communicate Their Satisfaction with the PICH Product and Desire for Continued Enrollment</u>: At the September 4, 2014 hearing, when the Receiver first voiced an interest in issuing written Notice to the PIHC product enrollees, the Court stated that the proposed Notice should also allow a means for current customers to express their satisfaction with the PIHC product, so as to possibly permit the continuation of the PIHC product *if sufficient customers wished to continue with their enrollment.* Presumably, a customer who expresses satisfaction with the PIHC product does not believe he was defrauded into believing he or she purchased an insurance policy, and it can be inferred that the sale to those satisfied customers was not illegal and their enrollment should not be enjoined. If sufficient customers express an interest in continuing with the PIHC Product, then there is the potential for the continuation of the operation of the PIHC Companies, subject to the Temporary Injunction. This comprehensive Notice procedure should serve as a vehicle to determine whether the operations of the PICH Companies may proceed legally. Frankly, the

comprehensive Notice procedure should properly have been the precursor to the Receiver's shutdown of operations of the PICH Companies.

4. <u>Conclusion:</u>  Defendants object to the proposed Notice in its current form.  The Notice should state that the Receiver, not the Court, determined that the cessation of business operation of the PIHC Companies was appropriate.  The Notice should also set forth a written procedure whereby current enrollees may give notice to the Receiver of their satisfaction with the PICH product and their desire to maintain their enrollment.

>Respectfully submitted,
>GRUMER & MACALUSO, P.A.
>Attorneys for DEFENDANTS
>One East Broward Boulevard, Suite 1501
>Fort Lauderdale, Florida 33301
>(954) 713-2700
>(954) 713-2713 (fax)
>Primary Email:        Service@grumerlaw.com
>Secondary Emails:  kgrumer@grumerlaw.com
>                                  slopez@grumerlaw.com
>
>By: __/s/ Keith T. Grumer_____
>        KEITH T. GRUMER
>        FLORIDA BAR No.:  550416

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 18th day of September, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

>By: /s/ Keith T. Grumer