UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-SCOLA

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

**RECEIVER'S REPLY IN SUPPORT OF
EXPEDITED MOTION FOR THE ENTRY OF AN ORDER APPROVING THE NOTICE
TO BE SENT TO BENEFICIARIES OF PLANS SOLD OR
ADMINISTERED BY PARTNERS IN HEALTH CARE ASSOCIATION INC.**

Peter D. Russin, in his capacity as receiver (the "***Receiver***"),[1] replies to the Defendants' Response [ECF No. 44] (the ***"Response"***) to the Receiver's Expedited Motion for the Entry of An Order Approving the Notice to be Sent to Beneficiaries of Plans Sold or Administered by Partners in Health Care Association, Inc. [ECF No. 38] (the ***"Motion"***) and states:

In the Response, the Defendants raise two issues. First Defendants assert that the "Court did not order the PIHC companies shall cease operating." Second, the Defendants take issue with the notices attached to the Motion (the ***"Notices"***) in that the "proposed notice does not allow for current customers to communicate their satisfaction with the PIHC product and desire for continued enrollment." Neither position has any merit nor is either supported by the record.

After hearing all the evidence, as well as oral argument at the hearing on the preliminary injunction, the entirety of the Court's ruling was as follows:

_____
[1] All terms not defined herein shall have the meaning set forth in the Motion.

> THE COURT: All right. Thank you. After considering all the testimony and submissions, I am going to grant the FTC's request for preliminary injunction as to Mr. Kieper and all of the entities, the Partners in Health and all the other affiliate entities. This is a preliminary injunction. You have time, if you want to talk to the FTC and Mr. Russin and give them some other suggestions, before any permanent decision is made. **So I am finding that Partners in Health Care and all the affiliates will be shut down**. As to the existing customers, I think that the receiver should make an effort to -- if there is a way to identify them and notify them either by phone, email or letter of the pending order of the Court, because that might take time to get that information and notify them, if there is a way to have like a -- when people call the number, to have like a recorded message just telling them, look, **there has been an order from a judge shutting this down**. If you have any questions, or whatever the options are to keep going or cancel it, to contact the receiver. That way, starting right away at least people who are calling in will know they better start making other arrangements if they want to do so. I don't believe any additional bond to be posted by the receiver is necessary. Anything else we can do this morning?

Hr'g Tr. 109:17-110:16 (emphasis added) (the *"Ruling"*).[2]

Defendant's assertion that "this Court did not order the shutdown of the PIHC Companies" is entirely without merit. Moreover, Defendants' statement that the "'Temporary Injunction Order' (sic) does not shut down the operations of the PIHC Companies" is incorrect as well. Instead, the plain language of the Corrected Preliminary Injunction Against Partners In Health Care Association, Inc. and Gary L. Kieper [ECF No. 36] (the *"PIHC Preliminary Injunction"*) provides that:

> The Court orders that the Receiver cease operations of Partners In Health Care Association, Inc., and its affiliated entities, including, but not limited to, TRI Resource Group Ltd., Senior Advantage of Wisconsin Inc., and PIHC Inc. and the Court now issues this Preliminary Injunction (the "Order") against the PIHC Defendants.

*PIHC Preliminary Injunction,* at 2.

---

[2] A copy of the transcript is attached as Exhibit "A."

As to the alleged requirement that customers be provided with an opportunity to communicate their satisfaction with the plan, no such requirement exists in either the PIHC Preliminary Injunction or the Ruling.  The 'car analogy' to which Defendants' refer was just the Court's observation during oral argument that "even if these people were fraudulently induced into getting this program, if they are in the program and they like it and want to keep it, we are depriving them of that opportunity." *Hr'g Tr.* 103:24-104:2. But after hearing argument from the FTC and the Receiver that the business model was not sustainable without the non-compliant marketing at issue in this case, the Court noted that the "company has to get the money to continue to do what they are doing to service them" and the possibility that "it can only continue to stay in business by continuing to rip-off new people." *Id.* at 104:17-19 & 108:11-14.

In sum, the Court considered and rejected the possibility that the PIHC companies would remain open, and nowhere did the Court require any notice to provide an opportunity for customers to express satisfaction with the plans. The Court's Ruling and injunction are clear, and the Notices comport with both. Thus, the Receiver requests the Notices be approved.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Receiver requests the Court approve the Notices, enter an Order in substantially the form as the proposed order attached as Exhibit "B," and grant such other and further relief as is just and appropriate.

                                              Respectfully submitted,

                                              s/ Lawrence E. Pecan
                                              Lawrence E. Pecan, Esquire
                                              Florida Bar No. 99086
                                              lpecan@melandrussin.com
                                              MELAND RUSSIN & BUDWICK, P.A.
                                              200 South Biscayne Blvd., Ste. 3200
                                              Miami, Florida  33131
                                              Telephone: (305) 358-6363
                                              Telecopy: (305) 358-1221

                                              *Attorneys for Peter D. Russin, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being delivered to the following parties via transmission of Notices of Electronic Filing this 19th day of September, 2014.

                                                                                s/ Lawrence E. Pecan
                                                                                Lawrence E. Pecan, Esquire

**Gary L. Ivens**
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
Fax: 326-3395
Email: givens@ftc.gov

**Christopher E. Brown**
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
202-326-2825
Email: cbrown3@ftc.gov

**Keith Thomas Grumer**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
954-713-2700
Fax: 954-713-2713
Email: kgrumer@grumerlaw.com

**Bruce S. Rogow**
Bruce S. Rogow PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
954-767-8909
Fax: 954-764-1530
Email: brogow@rogowlaw.com

**Tara A Campion**
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Fort Lauderdale, FL 33394
(954) 767-8909
Fax: (954) 764-1530
Email: tcampion@rogowlaw.com