## DECLARATION OF KEITH T. GRUMER PURSUANT TO 28 USC SECTION 1746

I, Keith T. Grumer, declare as follows:

1. My name is Keith T. Grumer, I have personal knowledge of the facts stated in this Declaration and am the Managing Partner of Grumer & Macaluso, P.A.

2. On August 28, 2014, Gary Kieper contacted our office, initially my partner, Maidenly Macaluso, and I joined in the conversation, to discuss the pending Federal Trade Commission injunction against him and his company, Partners in Health. We explored the nature of the litigation, the nature of his businesses and his discussions with the Receiver in our initial one-hour discussion. We further received a copy of the Complaint and the Temporary Restraining Order prior to engagement. We quoted an initial retainer of $20,000 in our initial discussion. Mr. Kieper agreed to pay it.

3. Mr. Kieper advised in a subsequent conversation, on August 29, 2014, that TRI Resource Group, Inc was the source of the retainer funds. We investigated the independence of TRI Resource Group. Obviously, TRI Resource Group is not a named party in this proceeding, was separate business entity, had a different tax identification number and bank account from the named defendant. Although Mr. Kieper advised that the Receiver was in his offices and using his personnel to obtain records, Mr. Keiper was not permitted to remove or access information to be shared with his own attorney to assess or review the situation. Mr. Keiper further confirmed that the Receiver indicated to him the Reciever's belief that TRI Resource Group would be able to engage in future business activities with the submission of a business plan.

4. Although no business records were available for our review, we did engage Mr. Kieper in extensive discussions to determine TRI Resource Group's independence, we reviewed the Complaint, Injunction, and we attempted to reach the Receiver to discuss these matters with

him. The Receiver did not return our telephone call until the day after we were retained. Upon contacting the Receiver, the Receiver did not state that TRI Resource Group was subject to the Injunction nor did the Receiver state that the business operations of TRI Resource Group were to cease. On the contrary, the Receiver emphasized the need for Mr. Kieper and his counsel to propose a business plan to allow TRI Resource Group to continue its operation in serving its clientele. At no time in the conversation did the Receiver indicate any improper activity by TRI Resource Group nor did the Receiver indicate that TRI Resource Group engaged in any of the defined improper telephone solicitation or related conduct alleged against Partners in Health.

5. In the subsequent days, and upon further interviews with Mr. Kieper and in preparation for the September 4, 2014 Order to Show Cause Hearing, I determined that TRI Resource Group was an independent entity and that its operations were distinct from that of the defendant Partners in Healthcare Association, Inc. Both entities had separate and distinct Federal Tax Identification Numbers, separate tax returns, separate bank accounts, separate accounting records and separate and distinct offices within the Appleton, WI facility. The entities did not use the same employees. None of the customer declarations attached to the Complaint nor the Federal Trade Commission investigator declarations accuse TRI Resource or its employees of any wrong-doing. The only commonality that we could identify was Mr. Kieper's ownership and its contractual agreement with Partners in Health for provision of customer service functions. That information combined with the Receiver's representation that TRI Resource Group would likely be able to continue its business operations (as represented to the undersigned *and* Mr. Kieper independently) and that Partners in Health would not be permitted to continue its operations, led this office to feel secure in accepting its retainer payment from TRI Resource Group.

6. Based upon the foregoing, I believed in good faith that Grumer & Macaluso's receipt of the retainer funds from TRI Resource Group did not violate the temporary restraining orders constrictions upon Partners in Health, Mr. Kieper, or any of its other provisions.

7. As demonstrated at the Order to Show Cause hearing of September 4, 2014, this office consented to the continuing Injunction against Partners in Health but sought to authorize Mr. Kieper's return to his offices to operate TRI Resource Group. It was our understanding that Tri Resource did not engage in any telephone sales or solicitations and only serviced the clientele. Other than consenting to the relief sought in the Injunction, this office provided no services to Partners in Health and emphasized its efforts upon separating TRI Resource Group from the injunction's reach.

8. My recollection of the proceedings is that the only statement that TRI Resource Group was engaged in any wrongful conduct was the Receiver's conclusion without evidentiary support that TRI Resource Group was dependent upon Partners in Health and was part of a so-called Ponzi scheme. This statement was made without evidence and without being provided the opportunity to contradict that statement. Mr. Kieper advises that TRI Resource Group had other sources of income including insurance commissions and other revenue sources. Not all TRI Resource's funds are from the prohibited activities of Partners in Health.

9. My review of Grumer & Macaluso's accounting records indicate that the entire retainer has been expended in representation of Mr. Kieper, TRI Resource's Group and for the consent to the Injunction as to the improper solicitation by Partners in Health.

Executed on _____ day of October, 2014, in Ft. Lauderdale, Florida.

_____
Keith T. Grumer