# Larry Pecan

| | |
|---|---|
| **From:** | Keith Grumer <KGrumer@grumerlaw.com> |
| **Sent:** | Monday, October 20, 2014 5:22 PM |
| **To:** | Larry Pecan |
| **Cc:** | May Macaluso; Sandra Lopez; givens@ftc.gov; Peter Russin |
| **Subject:** | RE: FTC v Partners in Health |

Mr. Pecan:

I am not certain that we are reading the same Order.  The Order contains no time deadline requiring turnover, and invites our petition for fees though the injunction hearing; that petition is being drafted as we exchange our emails.  We are also in discussions with the FTC concerning various matters and advised them that our fees are frozen, and cannot participate without some relief; Mr. Ivers indicated today we could separately apply for those fees , and we intend to do so.  As alluded to in our response to the Receiver's motion, we do not have the ability to repay these sums at the current time.

We find your email needlessly harsh, and maybe premature.  In light of our anticipated motion and this Court's prior treatment of defense counsel in similar proceedings, we expect to retain the entire sum earned.  Mr. Russin, the Receiver, should plan and for potentially additional fees.  Mr. Russin should also plan on receivership funds paying the employees he engaged during his initial investigation; Mr. Kieper will also request living expenses from non-telemarking funds.  These funds are residual commissions paid monthly from non-telemarketing, non-Partners in Health activities.

Be further advised that our petition shall reflect earned fees through the date of the injunction hearing as $17,480.50.  Please advise whether you will oppose our efforts.  Our further services on behalf of Mr. Kieper and Tri-Resource Group are legitimate in their efforts to negotiate with the FTC and counsel is required.

To respond to the balance of your email, we are not in possession of any further receivership assets nor could we be as we were retained after Mr. Russin was in control of the office facilities; we are unaware of Mr. Kieper's removal of any other assets as he was traveling when Mr. Russin seized control of the offices and all of his visits were monitored by Mr. Russin or his agents.  Mr. Kieper reports that his employee's personal property, comprising a K-Bar (phonetic) military knife is unaccounted for and all of the employees must be compensated for their services to the Receiver.

Contrary to the tenor of your email, we are prepared to work with you, Mr. Russin, and the FTC for the immediate resolution of all telemarketing claims.  We conceded the injunction at the hearing on Partners in Health immediately and only looked to perpetuate the non-telemarking activities of Tri-Resource Group; the Court declined.  To resolve the remaining issues with the FTC, Mr. Kieper needs counsel; we trust you will work with us towards conclusion and permit our reasonable compensation without further contest.

Regards,

Keith Grumer


**Keith T. Grumer, Esq.**
Grumer & Macaluso, P.A.
One East Broward Blvd. Suite 1501
Fort Lauderdale, FL  33301
Telephone  954-713-2700
Telefax     954-713-2713
email: kgrumer@grumerlaw.com