UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 14-23109-RNS

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE ASSOCIATIONS, INC., (d/b/a Partners in Health Care, Inc.), UNITED SOLUTIONS GROUP INC., (also d/b/a Debt Relief Experts, Inc.), WALTER S. VARGAS (individually and as an officer or director of United Solutions Group Inc.), and CONSTANZA GOMEZ VARGAS (individually and as a director or manager of United Solutions Group Inc.),

    Defendants.
_____/

## DEFENDANTS UNITED SOLUTIONS GROUP, INC., WALTER S. VARGAS AND CONSTANZA GOMEZ VARGAS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants United Solutions Group, Inc., Walter S. Vargas and Constanza Gomez Vargas, file their Answer and Affirmative Defenses to the Complaint and states as follows:

### INTRODUCTORY NOTE

In many of its allegations, the Complaint lumps together named Defendants as well as unidentified entities. This Answer is filed solely on behalf of Defendants United Solutions Group, Inc., Walter S. Vargas and Constanza Gomez Vargas. The Complaint's collective "Partners In Health Care's marketers. . ." allegations fail to be specific *vis a vis* Defendants United Solutions Group, Inc., Walter S. Vargas and Constanza Gomez Vargas, and their Answer responds to the "collective allegations" without waiving any rights they have to insist upon proof specific to them.

1. Admitted the action was brought under the stated sections of the United States Code, but denied the Defendants acted or practiced in violation thereof.

2. Admitted the Defendants use "Spanish-language radio advertisements." The remainder of the paragraph is denied in its entirety.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that United Solutions Group Inc. was a marketer for Partners In Health Care Association. The remainder of the paragraph is denied in its entirety.

8. Without knowledge and therefore denied.

9. Without knowledge and therefore denied.

10. Admitted United Solutions Group was a for-profit Florida Corporation with its principal place of business at 28 W. Flagler St., Suite 900, Miami, Florida 33130. The remainder of the paragraph is denied in its entirety.

11. Admitted Walter S. Vargas was the president of and registered agent for Defendant United Solutions Group. The remainder of the paragraph is denied in its entirety.

12. First sentence admitted as to Constanza Gomez Vargas, but denied as to Walter Vargas. Second sentence admitted. Third sentence denied. Fourth sentence admitted.

13. Admitted.

14. Without knowledge and therefore denied.

15. Denied.

16. Denied.

17. Without knowledge and therefore denied.

18. Admitted as to Defendants, without knowledge and therefore denied as to "various marketers . . . ."

19. Admitted that Partners In Health Care handled the billing of consumers whom the Defendants enrolled. Without knowledge and therefore denied as to other "marketers." Second sentence is denied in its entirety.

20. Denied.

21. Without knowledge and therefore denied.

22. First sentence is denied because it is incomplete and out of context. Second sentence is denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted.

30. Admitted the Defendants utilize a verification process, remainder is denied.

31. Denied.

32. Admitted.

33. Without knowledge and therefore denied.

34. Without knowledge and therefore denied.

35. Admitted.

36. Denied that the Defendants make oral representations that the Discount Card is health insurance; remainder is without knowledge and therefore denied.

37. Without knowledge and therefore denied.

38. Without knowledge and therefore denied.

39. Without knowledge and therefore denied.

40. Without knowledge and therefore denied.

41. Without knowledge and therefore denied.

42. Admitted.

43. Admitted.

## Count I.
## Misrepresentations in Violation of Section 5 of the FTC Act
### (As to All Defendants)

44. Denied.

45. Admitted.

46. Denied.

47. Admitted.

48. Admitted.

49. Admitted.

50. Admitted.

51. Admitted.

## Count II.
## Deceptive Telemarketing Calls in Violation of the TSR
### (As to Defendants Partners In Health Care and Gary L. Kieper)

52. Without knowledge and therefore denied.

53. Without knowledge and therefore denied.

## Count III.
### Assisting and Facilitating Deceptive Telemarketing Acts or Practices in Violation of the TSR (As to Defendants Partners In Health Care and Gary L. Kieper)

54. Without knowledge and therefore denied.

55. Without knowledge and therefore denied.

56. Without knowledge and therefore denied.

57. Admitted.

58. Admitted as to the authorizations given to the Court, denied that the Defendants violated any Act.

**WHEREFORE**, Defendants United Solutions Group, Inc., Walter S. Vargas and Constanza Gomez Vargas deny that the Plaintiff is entitled to any of the legal or equitable relief sought in its Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

At all times relevant to the Complaint, the Defendants were acting in good faith with no deliberate intention to act in violation of any Act. Their intent is relevant to the Court's determination of appropriate relief.

### Second Affirmative Defense

Any monetary relief is subject to offset by the benefits received by consumers, costs associated with the sale of services, and/or refunds paid to consumers.

### Third Affirmative Defense

The Plaintiff's prayer for relief is moot, as the Defendants have voluntarily and permanently ceased their allegedly actionable conduct. Their cessation of conduct is relevant to the Court's determination of appropriate relief.

**Fourth Affirmative Defense**

Defendants reasonably relied in good faith on information, advice and directions supplied by others, and did not control the acts or practices that allegedly violate the Acts, did not participate directly in those acts or practices, did not have authority to control them and is not

**Fifth Affirmative Defense (as to Walter S. Vargas)**

Defendant did not control the acts or practices that allegedly violate the Acts, did not participate directly in those acts or practices, did not have authority to control them and is not individually liable for relief for corporate practices.

Respectfully submitted,

*/s/ Bruce S. Rogow*
BRUCE S. ROGOW
Fla. Bar No. 067999
TARA A. CAMPION
Fla. Bar No. 90944
**BRUCE S. ROGOW, P.A.**
500 East Broward Blvd., Suite 1930
Ft. Lauderdale, FL 33394
Ph:     (954) 767-8909
Fax:    (954) 764-1530
brogow@rogowlaw.com
tcampion@rogowlaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 29, 2014, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served on this day on all counsel of record or pro se parties identified in the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: */s/ Bruce S. Rogow*
BRUCE S. ROGOW

## SERVICE LIST
*Federal Trade Commission v. Partners In Health Care, et al*
14-cv-23109-RNS

Gary L. Ivens
Christopher E. Brown
**FEDERAL TRADE COMMISSION**
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
202-326-3395
givens@ftc.gov
cbrown3@ftc.gov

*Counsel for the Federal Trade Commission*

Keith Thomas Grumer
**GRUMER & MACALUSO, P.A.**
1 East Broward Blvd., Ste. 1501
Fort Lauderdale, FL 33301
954-713-2700
954-713-2713
kgrumer@grumerlaw.com

*Counsel for Partners In Health Care
Association, Inc., and Gary L. Kieper*

Peter D. Russin
**MELAND RUSSIN & BUDWICK, P.A.,**
200 South Biscayne Blvd., Ste, 3200
Miami, FL 33131
305-358-6363
305-358-1221
prussin@melandrussin.com

*Receiver*

Lawrence E. Pecan
**MELAND RUSSIN & BUDWICK, P.A.,**
200 South Biscayne Blvd., Ste. 3200
Miami, FL 33131
305-358-6363
305-358-1221
lpecan@melandrussin.com

*Counsel for the Receiver*