United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission, Plaintiff )<br>)<br>v. )<br>)<br>Partners In Heath Care Association, )<br>Inc., *et al.*, Defendants ) | Civil Action No. 14-23109-Civ-Scola |

**Amended Order Granting Motion for Turnover of Receivership Funds**

  This matter is before the Court on Peter Russin's (the Receiver) Motion for Turnover of Receivership Funds Transferred to Grumer and Macaluso, P.A. and Funds Withdrawn from the Tri Resource Group, Ltd. Account (ECF No. 46). After reviewing the Motion, the Defendants' response (ECF No. 51), and the relevant legal authorities, the Court grants the Motion (ECF No. 46).

  In his Motion, the Receiver states that on August 28, 2014, Tri Resource Group, Ltd., an affiliate of Defendant Partners In Health Care Association, Inc. (PIHC), transferred $20,000 to the operating account of Grumer & Macaluso, P.A from Tri Resource Group Ltd.'s checking account at Associated Bank. The Motion further states that $5,500 in funds were also withdrawn from the Associated Bank account between September 2 and 5, 2014.

  The Receiver argues that because these transfers occurred when the Defendants' assets were frozen in accordance with the Court's Temporary Restraining Order (TRO) (ECF No. 9), the funds should be returned. The Court agrees. Tri Resource Group, Ltd. is an affiliate of Defendant Partners In Health; therefore, it was a violation of the Court's order to remove those funds. Specifically, the TRO, which was in effect at the time of the transfers at issue, stated that "'Defendants' means . . . in any combination, all of the Individual Defendants and the Corporate Defendants." (ECF No. 9 at 5). "'Corporate Defendants' means . . . PIHC, and [its] subsidiaries, affiliates, successors, and assigns." (*Id.*). Accordingly, Partners In Health Care Association's affiliate, Tri Resources Group, Ltd., was covered under the TRO.

  While the willfulness of the parties' conduct could perhaps be relevant when determining whether to hold Defendants or counsel in contempt, it is not relevant now. Turnover is still appropriate "even if [the firm] believed, in good faith, that it held legal title to the funds at issue, and that its transfer of the funds was not in violation of the Court's orders." *SEC v. Comcoa Ltd.*, 887 F. Supp. 1521, 1526 (S.D. Fla. 1995) (Highsmith, J.) (holding attorney in

contempt for violating TRO). And while the funds must be returned, the Court does note, however, that counsel for Defendants is entitled to seek leave of court to obtain reasonable fees up through the preliminary injunction hearing. *See FTC v. IAB Mktg. Assocs., LP*, No. 12-61830, 2013 WL 2433214 at *3 (S.D. Fla. June 4, 2013) (Scola, J.).

Accordingly, the Court **grants** the Motion (ECF No. 46). Grumer and Macaluso, P.A. must turn over the $20,000 transferred from the Associated Bank account along with any other receivership assets by **5:00 p.m. on November 10, 2014**. Gary Kieper must likewise turn over the $5,500.00 in funds withdrawn from the Associated Bank account along with any other receivership assets by **5:00 p.m. on November 10, 2014**. Defendant must also file a Notice of Compliance once the funds have been returned.[1] The Court reserves jurisdiction to determine contempt and sanctions for violation of the TRO and the Preliminary Injunction. Lastly, the Court **denies as moot** Defendants' Request for Hearing (ECF No. 54).

**Done and ordered** in chambers, at Miami, Florida, on November 7, 2014.

Robert N. Scola, Jr.
United States District Judge

---

[1] The Court finds it incomprehensible how anyone could read the Court's order, which clearly finds that funds were improperly withdrawn, to require anything less than full and immediate turnover of the funds.