UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-RNS

FEDERAL TRADE COMMISSION,

 Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

 Defendants.
_____/

RECEIVER'S LIMITED JOINDER IN
PLAINTIFF FEDERAL TRADE COMMISSION'S RESPONSE TO
THE PIHC DEFENDANTS' MOTION FOR PAYMENT OF
ATTORNEY'S FEES FROM FROZEN ASSETS

 Peter D. Russin, in his capacity as receiver (the "***Receiver***") of Partners in Health Care Association, Inc.; United Solutions Group Inc.; and their subsidiaries, affiliates, successors and assigns (collectively the "***Receivership Entities***"),[1] hereby joins, in part, with the FTC's Response [ECF No. 66] (the "***Response***") to the Motion (the "***Motion***") for Limited Relief for Payment of Attorney's Fees [ECF No. 60] and states.

 1. The Receiver joins in the Response, insofar as the Response accurately sets forth the appropriate legal standards to consider in the award of relief from an injunction to pay the cost of the defendant's defense through a preliminary injunction hearing (generally a "***Carveout***").

---

[1] The administration of the Receivership Entities is referred to herein as the "***Estate.***"

2. The Receiver also joins with the FTC as to its objections to the specific time entries for which reimbursement is requested.

3. The Receiver disagrees with the FTC only in that, under the facts of this case, the Receiver believes no Carveout is appropriate. Indeed, the cases cited by the FTC stand for the proposition that a court has the discretion, but is not required, to carve out attorney fees. *Sec v. Lauer*, 445 F.Supp.2d 1362, 1368-69 (S.D. Fla. 2006) (reasoning that due process does not require unfreezing funds to pay for counsel); *CFTC v. Morse*, 762 F.2d 60, 63 (8th Cir. 1985) (upholding district court's discretion to deny defendant's request for attorneys' fees to be paid out of frozen assets); *S.E.C. v. Comcoa*, Ltd., 887 F.Supp. 1521, 1524 (S.D.Fla.1995) ("In imposing a freeze of assets there is no requirement that the court exempt sufficient assets for the payment of legal fees.") Here, the Court should exercise its discretion and deny a Carveout.

4. Specifically, Gary Kieper and Grumer & Macaluso, P.A.:

- Violated the TRO by initially transferring the funds of the Estate;
- Completely ignored the Receiver's request to turnover such funds;
- Chose not to follow the Court's first Order directing turnover;
- Waited until after the first Order granting turnover to apply for fees; and
- Turned over the funds only after forcing the Receiver to file four pleadings, and secure two Orders of this Court.

5. Such actions amount to bad faith. *See generally Arnold v. Gill (In re Arnold),* 252 B.R. 778 (B.A.P. 9th Cir. 2000) (describing the "heads I win, tails you lose" scenario whereby a litigant waits until the estate has litigated a recovery to claim an exemption and thwart the recovery). While Mr Kieper and Grumer and Macaluso, P.A. *could have* petitioned the Court for

for a Carveout prior to incurring the fees (which the Receiver would have considered in good faith), instead they forced the Estate to incur great expense to remedy their violations of the TRO, and only then sought relief from the Court.

6. In this Court's Amended Order Granting Motion for Turnover of Receivership Funds [ECF No. 65], the Court's single footnote is telling. "The Court finds it incomprehensible how anyone could read the Court's order, which clearly finds that funds were improperly withdrawn, to require anything less than full and immediate turnover of the funds." *Id.* This observation underscores why the Court should exercise its discretion not to allow a Carveout.

7. Moreover, at this juncture, any of the concerns that might weigh in favor of allowing a Carveout are gone. The Preliminary Injunction hearing has already passed. To the extent due process were to require the defendant to be able to retain counsel at such a hearing (and it does not), Mr. Kieper was able to do so. And, importantly, as the FTC notes in the Response, "Grumer & Macaluso, P.A. assumed the risk of not getting paid" in agreeing to represent a defendant they knew to be subject to an asset freeze.

WHEREFORE, the Receiver requests this Court deny the Motion and enter such other and further relief as is just and appropriate.

      Respectfully submitted,

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida  33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Peter D. Russin, Receiver*

Case 1:14-cv-23109-RNS Document 71 Entered on FLSD Docket 11/07/2014 Page 4 of 6

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being delivered to the following parties via transmission of Notices of Electronic Filing this 7th day of November.

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire


**Gary L. Ivens**
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
Fax: 326-3395
Email: givens@ftc.gov


**Christopher E. Brown**
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
202-326-2825
Email: cbrown3@ftc.gov

**Keith Thomas Grumer**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
954-713-2700
Fax: 954-713-2713
Email: kgrumer@grumerlaw.com

**Bruce S. Rogow**
Bruce S. Rogow PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
954-767-8909
Fax: 954-764-1530
Email: brogow@rogowlaw.com

**Tara A Campion**
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Fort Lauderdale, FL 33394
(954) 767-8909
Fax: (954) 764-1530
Email: tcampion@rogowlaw.com