UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  FLORIDA

CASE NO. 14- 23109-CIV-SCOLA

FEDERAL  TRADE  COMMISSION,

        Plaintiff,

v.

PARTNERS      IN      HEALTH      CARE
ASSOCIATION,  INC. (also d/b/a/ Partners
In Health Care, Inc.),
GARY L. KIEPER (individually and as officer
or  director  of  Partners  In  Health  Care
Association, Inc.),
UNITED  SOLUTIONS  GROUP INC. (also
d/b/a Debt Relief Experts, Inc.),
WALTER  S.  VARGAS  (individually  and  as
an  officer  or  director  of  United  Solutions
Group Inc.),
CONSTANZA        GOMEZ        VARGAS
(individually and as a director or manager of
United Solutions Group Inc.),

        Defendants.

_____/

**DEFENDANT GARY KIEPER AND GRUMER & MACALUSO, P.A.'S RESPONSE IN
OPPOSITION TO RECEIVER'S EX PARTE MOTION FOR AN ORDER TO SHOW
CAUSE WHY THEY SHOULD NOT BE HELD IN CONTEMPT OF COURT [DE 59]**

        Defendant GARY KIEPER ("KIEPER") and counsel, Grumer & Macaluso, P.A. ("G &

M") (collectively "Respondents"), filed their response in opposition to the Receiver's Ex Parte

Motion for an Order to Show Cause Why Gary Kieper and Grumer & Macaluso, P.A. Should

Not Be Held In Contempt of Court [DE 59]("Contempt Motion"), as follows:

1.    <u>Summary of Response:</u>  Respondents submit their joint response in opposition to the

Contempt Motion, and oppose entry of any contempt sanctions.

(a)      As to KIEPER:  KIEPER cannot and must not be held in contempt for removing $5,500.00 from the bank account of non-party Tri-Resource Group, LLC,  in violation of the Court's Temporary Restraining Order [DE 9] and the September 9, 2014 Preliminary Injunction Order [DE 32] and Corrected Preliminary Injunction Order [DE 36] and then failing to comply with the Court's October 16, 2014 Order Granting Motion for Turnover of Receivership Funds ("Turnover Order") [DE 57] or November 7, 2014 Corrected Order Granting Motion for Turnover of Receivership Funds ("Corrected Turnover Order") [DE 57]     At present, and as a result of this Court's Orders, and the Receiver's expansive reach over all corporate and individually-owned assets, accounts and credit cards, KIEPER is financially destitute and cannot return the $5,500.00 withdrawn from the account of Tri-Resource Group, LLC, on September 4-5, 2014.  Based upon the Declaration of Gary Kieper [DE 50-1] filed on October 1, 2014, prior to filing the Contempt Motion, the Receiver knew or should have known that KIEPER was destitute, with no income source, and could not repay the monies, which he withdrew to pay for necessary living expenses.  Lest there be doubt as to KIEPER's financial condition and inability to pay, KIEPER relies on the Declaration of Gary Kieper filed simultaneously herewith. It would be entirely inappropriate for the Court to hold KIEPER in contempt of court where his non-compliance is due to his financial inability to comply.

2.      As to Grumer & Macaluso, P.A.:  As to Grumer & Macaluso, P.A., the Contempt Motion and any contempt sanctions are moot, given its compliance with the Turnover Order and Corrected Turnover Order.  Immediately following the Court' entry of the Corrected Turnover Order, and the Court's clear and unambiguous time directive included therein, G&M issued a check for $20,000.00 to Receiver's counsel for Federal Express delivery this morning.  At 5: 11 pm on Friday, November 7, 2014, Grumer & Macaluso, P.A. filed its Notice of Compliance [DE

67] with the Court.   For the reasons already set forth in the Declaration of Keith Grumer [DE 52-1], Grumer & Macaluso, P.A.'s receipt on August 28, 2014 of the $20,000.00 in retainer funds from KIEPER at the commencement of the representation, was in good faith and was not a knowing or intentional violation of the then-only existing order, the Temporary Restraining Order [DE 9].  That Order which did not expressly mention or encompass Tri Resource Group, Ltd., required interpretation based upon extraneous facts.  Similarly, Grumer & Macaluso, P.A. believed the Court's October 16, 2014 Turnover Order [DE 57], which on the one hand ordered the return of the $20,000.00 legal retainer to the Receiver, and on the other hand, invited an application for payment for legal services rendered through September 4, 2014, also allowed for interpretation of the Turnover Order consistent with the law firm's actions.  On October 24, 2014, Defendants and G&M. sought modification of the prior Court Order, and applied for limited relief from the asset freeze to allow for payments of reasonable attorney's fees. [DE 60]. Notwithstanding all of foregoing, upon the Court's unambiguous and forceful clarification of its prior directive on November 7, 2014, Grumer & Macaluso, P.A. swiftly paid the monies as ordered and complied.

## MEMORANDUM OF LAW

"Civil contempt proceedings may be employed to coerce a contemnor into compliance with the court's order and to compensate a complainant for losses sustained." *International Schools Services, Inc. v. AAUG Ins. Co., Ltd.* 2011 WL 9352076 *2 (S.D. Fla. October 4, 2011)(citing *Bank of Am., N.A. v. United Cities Grp., Inc.,* No. 08–21917–CIV, 2009 WL 855987, at *4 (S.D.Fla. Mar. 31, 2009)).   In *International Schools*, the Court further expanded upon the contempt standard:

"The party seeking contempt bears the initial burden of showing, by clear and convincing evidence, a willful disregard for the authority of the court through

failure to comply with a court order." *Id.* (citing *Ga. Power Co. v. Nat'l Labor Rel. Bd.,* 484 F.3d 1288, 1291 (11th Cir.2007)). The clear and convincing evidence must show: "(1) the allegedly violated order was valid and lawful; (2) the order was *clear and unambiguous;* and (3) the alleged violator had the ability to comply with the order."*Ga. Power Co.,* 484 F.3d at 1291 (emphasis in original)."[O]nce the moving party makes a prima facie showing that the court order was violated, the burden of production shifts to the alleged contemnor to show a 'present inability to comply that goes beyond a mere assertion of inability....' " *Howard Johnson Co., Inc. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990) (quoting *Combs v. Ryan's Coal Co.,* 785 F.2d 970, 976 (11th Cir.1986)).

*Id.*

According to the Eleventh Circuit,  " '[i]n determining whether a party is in contempt of a court order, the order is subject to reasonable interpretation, though it may not be expanded beyond the meaning of its terms absent notice and an opportunity to be heard.' " *Ga. Power Co.,* 484 F.3d at 1291 (quoting *Riccard v. Prudential Ins. Co.,* 307 F.3d 1277, 1296 (11th Cir.2002)). The court should "construe any ambiguities or uncertainties in such a court order in a light favorable to the person charged with contempt." *Id.*

Where a person charged with contempt argues that changed circumstances would make strict enforcement of the order unjust, he should move the court to modify the order, and then the hearing on the show cause order would take on the appearance of the motion to modify the underlying order.  *Mercer v. Mitchell*, 908 F. 2d 763, 768 (11th Cir. 1990).  "If the Court determines that the order should be modified and that the defendant's conduct did not violate the order *as modified,* then ordinarily it would be unjust to hold the defendant in contempt." *Id.*

## CONTEMPT IMPROPER AS TO KIEPER DUE TO FINANCIAL INABILITY TO COMPLY

The contempt proceeding as to KIEPER is intended to coerce his compliance with the Court's Turnover Order and Corrected Turnover Order, which in turn sought to enforce the Court's previously imposed asset freeze over the account of non-party Tri-County Resource

GRUMER & MACALUSO, P. A.

ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM

Group, Ltd.  On September 4-5, 2014 KIEPER removed $5,500.00 from the as yet unfrozen bank account of Tri-Resource Group, Ltd. for much-needed essential living expenses.[1]  However, before contempt sanctions may be entered against KIEPER, the Receiver must establish by clear and convincing evidence that KIEPER has the ability to return the $5,500 in removed funds, a critical element that cannot be established.

In support of his position herein, KIEPER relies on the Declaration of Gary Kieper, filed on October 1, 2014, and the updated Declaration [DE 72], which is being filed contemporaneously with this Response.  In the Declarations, KIEPER unequivocally and painstakingly explains his financial inability to return the funds to the Receiver.  KIEPER does not own his home, and lives in a rental, and is facing eviction.  He has no credit cards, and no accounts of any kind from which to repay the funds.  He applied for and qualified for four (4) weeks of unemployment compensation but those benefits have ceased.  He has applied for and been approved for food stamps.  He cannot pay his utility bills and has applied for public assistance, as well as assistance from private charity organizations.  He is actively looking for employment but has not been able to secure a job.

KIEPER previously delivered to the Receiver and the FTC complete financial disclosures that support his Declarations filed with the Court.  The Receiver knew or should have known at the time of filing its *Ex Parte* Contempt Motion of KIEPER's financial straits.   Other than the limited assets that were removed from his control and frozen accounts, KIEPER has no other means of repaying the $5,500.00 taken.    Notwithstanding his current dire situation, KIEPER remains willing to repay the monies taken in good faith, but cannot commit to doing so

---

[1] KIEPER is also filing a Motion for Limited Relief from Asset Freeze to Allow for Reasonable Living Expenses shortly.

GRUMER & MACALUSO, P.A.

ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM

or propose any terms for repayment until he is able to secure employment.  His ability to repay

the $5,500.00 *in the future* is tied to an as yet non-existence income stream.

### CONTEMPT AS TO GRUMER & MACALUSO, P.A. IMPROPER DUE TO COMPLIANCE & DUE TO PENDING MOTION FOR LIMITED RELIEF

As to Grumer & Macaluso, P.A. the contempt proceeding is moot.  On November 7,

2014, G&M returned the $20,000.00 to the Receiver's counsel via Federal Express, and rendered

contempt as a tool to coerce compliance with the Court's order, moot.  The Receiver sought a

civil contempt remedy against G&M seeking to coerce the return of the $20,000.00 legal retainer

received from the account of non-party Tri-Resource Group, Ltd. via wire transfer on August 28,

2014.

On October 16, 2014, this Court entered the Turnover Order [DE 57] which in turn

sought to enforce the August 25, 2014 Temporary Restraining Order, the only order in existence

at the time the legal retainer was paid.  As was set forth in the Declaration of Keith Grumer [DE

52-1], the legal retainer from the non-party Tri-Resource Group, Ltd, was accepted in a good

faith belief that this would not result in a violation of the TRO.   The TRO itself was less than

clear as to its scope, which required interpretation of the known corporate "affiliates" of the

named Defendants, and leaving counsel to interpret the scope of the order against the limited

facts known to it at the time.[2]   To warrant a finding of contempt, the Receive must establish by

---

[2] In Defendants' counsel's experience, the representation of Defendants in this case is akin to walking through a minefield, never knowing what consequences the next step might bring, all at great cost (both financial cost and to reputation) and risk to the undersigned. On August 28, 2014, the very fluid situation emerging out of the Defendants' Appleton, Wisconsin offices, and the limited information available to the undersigned, required a quick (but in hindsight, too quick) decision regarding representation and the receipt of the retainer.  Although the FTC benefitted from more than one year's preparation of its case against Defendants, the undersigned had a handful of days to prepare for the September 4 injunction hearing.  At least initially, in the time leading up to the September 4, 2014 temporary injunction hearing, the representation required countless hours and intense immersion into the available facts leading to the FTC's

clear and convincing evidence that the order at issue was "clear" and "unambiguous" as to its directive.  Any ambiguities or uncertainties must be construed in the light most favorable to the person charged with contempt.  *Georgia Power Co. v. Nat'l Labor Rel. Bd.*, 484 F. 3d 1288, 1291 (11th Cir. 2007).  As to the implied scope of the TRO and its extension to the accounts of Tri Resource Group, Ltd., which could only arise by interpretation of the facts known to counsel before receipt of the funds,  Grumer & Macaluso, P.A. is entitled to enjoy the benefit of said ambiguities.    Although this Court has subsequently determined in the October 16, 2014 Turnover Order that the source of the legal retainer was also covered by the asset freeze, that determination was not in existence at the time the legal retainer was paid, and was not evident on the fact of the TRO.

Similarly, the October 17, 2014, Turnover Order ordered G&M to return the $20,000.00 to the Receiver but did not state a deadline for the return of the funds.    The absence of the deadline for compliance with the directive itself gives rise to uncertainty.  *See Whitfield v. Municipality of Fajardo*, 2007 WL 6894781 *2 (June 25, 2007 S. Puerto Rico)(denying contempt because the court order gave no deadline to comply); *Hadix v. Caruso*, 465 F. Supp. 2d 776 (W.D. Mich. 2006)(denying contempt for failure to complete task per court order that did

---

filing and preparation of a legal defense (some of which is now being challenged by the FTC as "duplicative"), coupled with the inability to review or to rely upon any documentation which was and remains in the Receiver's control, and receiving seemingly contradictory positions regarding the proceedings from the Receiver and the FTC counsel.  As is set forth in the Declaration of Keith Grumer, G&M accepted the legal retainer in good faith.   Counsel was also led to (as it turns out erroneously) believe early on that the Receiver would  permit the non-telemarketing operations of Tri-Resource Group to continue undisturbed provided Defendants prepared a business plan, and FTC counsel represented it was not the FTC's goal to shut the businesses down.  At present, Grumer & Macaluso, P.A. has been paid no sums for the representation, has refunded all sums previously received, has no hope of being compensated for its efforts, and is essentially paying for the privilege of representing Defendants.  Lamentably, G&M cannot withstand this "Lose-Lose situation," and counsel will seek to withdraw from Defendants' representation in this proceeding.

GRUMER & MACALUSO, P.A.

ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM

not contain deadline); *see also U.S. v. Petal,* 464 Fed. Appx. 342 (5th Cir. 2012)(in absence of specific compliance deadline in a court order parties must comply within a reasonable time). Given the absence of a deadline, and the language in the Turnover Order that allowed for G&M to apply to the Court for payment of legal services performed through the September 4, 2014 temporary injunction hearing, G&M believed the filing and granting of such an motion for relief would excuse compliance with the turnover obligation, at least until the Court ruled on G&M's Motion for Limited Relief for Payment of Attorney's Fees From Frozen Assets [DE 60].

G&M's understanding of the Court's directive, and its ability to seek limited relief from the asset freeze in lieu of strict compliance with the Turnover Order is countenanced by the Eleventh Circuit.    *See Mercer v. Mitchell*, 908 F. 2d 763 (11th Cir. 1990)(explaining that a defendant may challenge strict enforcement of contempt sanctions as unjust by moving the court to modify the underlying order; in such as case, "If the court determines that the order should be modified and that the defendant did not violate the court order *as modified*, then ordinarily it would be unjust to hold the defendant in contempt.")  In this case, as is contemplated in *Mercer*, G&M acted upon the express language of the Turnover Order by seeking a modification of the Court's asset freeze to allow for payment of counsel fees, tying the viability of contempt sanctions to Defendants' and G & M's Motion for Limited Relief.[3]

Notwithstanding whatever uncertainties shrouded the scope of the TRO or G&M's interpretation of the effect of the asset freeze upon Tri Resource Group, and notwithstanding the lack of an express deadline for turnover, the entry of the November 7, 2014 Corrected Turnover Order left no question about the Court's directive regarding turnover, and G&M immediately complied.

---

[3] The FTC does not oppose the award of fees to G &M incurred through the September 4, 2014 injunction hearing. [DE 66].

GRUMER & MACALUSO, P.A.
ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM

**REQUEST FOR HEARING**

I light of the foregoing, should this Court still be inclined to find that sanctions may be appropriate, KIEPER and G&M request a hearing on contempt as is provided for by law.

**CONCLUSION**

For these reasons, Defendant GARY KIEPER and counsel, Grumer & Macaluso, P.A., request this Court deny the Contempt Motion as moot as to G&M due to compliance and due to the pending Motion for Limited Relief, and denied as to GARY KIEPER due to his inability to comply.

> Respectfully submitted,
> GRUMER & MACALUSO, P.A.
> Attorneys for DEFENDANTS
> One East Broward Boulevard, Suite 1501
> Fort Lauderdale, Florida 33301
> (954) 713-2700; (954) 713-2713 (fax)
> Primary Email:      Service@grumerlaw.com
> Secondary Emails:   kgrumer@grumerlaw.com
>                     slopez@grumerlaw.com
>
> By: __/s/ Keith T. Grumer_____
>        KEITH T. GRUMER
>        FLORIDA BAR No.: 550416

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on 10th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> By: /s/ Keith T. Grumer_____

GRUMER & MACALUSO, P.A.

ONE EAST BROWARD BOULEVARD, SUITE 1501, FORT LAUDERDALE, FLORIDA 33301 • TELEPHONE (954) 713-2700
PLEADINGS SERVICE E-MAIL: SERVICE@GRUMERLAW.COM