United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission, Plaintiff )<br>)<br>v.                                                               )<br>)<br>Partners In Heath Care Association, )<br>Inc., *et al.*, Defendants                    ) | Civil Action No. 14-23109-Civ-Scola |

**Order Granting Receiver's Motion For The Entry Of An Order
Approving The Settlement With Business Bank And The
<u>Auction Sale of the PIHC Companies' Personal Property</u>**

   This matter came before the Court on Peter Russin's (the Receiver) Motion For the Entry of an Order Approving the Settlement with Business Bank and the Auction Sale of the PIHC Companies' Personal Property (ECF No. 58) (the Motion). The Court, having reviewed the Motion, and noting that no party filed any opposition to the Motion, has determined that there is good cause for granting the Motion, that notice of the Motion was appropriate under the circumstances, and that relief requested in the Motion is in the best interest of the receivership estate.

   The Court has considered that the settlement and auction of the personal property is, in essence, the liquidation of the existing business, despite the lack of a final adjudication on the merits in this case. However, even before a final judgment is entered, a sale of the property of the receivership defendant is appropriate if there is a substantial likelihood of success on the merits and maintenance of the status quo "will drain money out of the estate . . . that [might] otherwise . . . be returned to [claimants]." *S.E.C. v. TLC Investments & Trade Co.*, 147 F. Supp. 2d 1031, 1036 (C.D. Cal. 2001).

   The Court has already determined that the Plaintiff is likely to succeed on the merits of this case. Moreover, the Receiver has alleged (without opposition) that the "status quo will deplete Estate resources, which are necessary to pay administrative expenses, (and if there are sufficient funds) could ultimately be distributed to claimants pursuant to a claims process ordered by the Court."

Thus, it is ORDERED that:

1. The Motion (ECF No. 58) is **granted** in its entirety;

2. The Settlement and termination of the Lease, as defined in the Motion, are **approved**, and the parties are authorized and directed to take all necessary actions to consummate the Settlement;

3. The auction sale of the personal property owned by Partners in Health Care Association, Inc., as well as its affiliates, is **approved**;

4. The retention of the Auctioneer consistent with the Proposal, as defined and attached to the Motion, is **approved** in all respects; and

5. The payment of the Auctioneer as set forth in the Proposal is **approved** without the necessity of a further hearing.

**Done and ordered** in chambers, at Miami, Florida, on November 13, 2014.

_____
Robert N. Scola, Jr.
United States District Judge