UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14- 23109-CIV-SCOLA

FEDERAL TRADE COMMISSION,

        Plaintiff,

v.

PARTNERS IN HEALTH CARE ASSOCIATION, INC. (also d/b/a/ Partners In Health Care, Inc.),
GARY L. KIEPER (individually and as officer or director of Partners In Health Care Association, Inc.),
UNITED SOLUTIONS GROUP INC. (also d/b/a Debt Relief Experts, Inc.),
WALTER S. VARGAS (individually and as an officer or director of United Solutions Group Inc.),
CONSTANZA GOMEZ VARGAS (individually and as a director or manager of United Solutions Group Inc.),

        Defendants.

_____/

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR LIMITED RELIEF FOR PAYMENT OF ATTORNEY'S FEES FROM FROZEN ASSETS AND INCORPORATED MEMORANDUM OF LAW**

Defendants PARTNERS IN HEALTH CARE ASSOCIATION, INC. and GARY L. KIEPER, and their counsel, Grumer & Macaluso, P.A., filed their Reply Memorandum in support of their Motion for Limited Relief for Payment of Attorney's Fees from Frozen Assets [DE 60], as follows:

This Court should, at a minimum, grant the request for limited relief from the asset freeze to authorize payment of attorney's fees and costs of $17,455.50 for legal services provided

through the date of the Temporary Injunction hearing of September 4, 2014. This is consistent with the Court's decision in *FTC v. IAN Marketing Associates, LP*, 2013 WL 2433214 *3 (S. D. Fla. June 4, 2013), where the Court released $75,000.00 for attorney's fees through the date of the FTC injunction hearing in that case.   The request for less than $20,000.00 here is a modest one by comparison.

The FTC does not oppose the request for attorney's fees through the injunction hearing, but submits that only $12,052.00 is appropriate, urging that $5,403.50 of time attributable to the efforts of attorney Maidenly Macaluso be deducted as duplicative of Mr. Grumer's efforts. However, not all of the time that the FTC attacks is duplicative of Mr. Grumer's time entries. Further, the FTC loses sight of the fact that not all duplicative time is unreasonable especially where there is a distinct contribution by counsel, especially in a significant case.  *Johnson v. University College of University of Alabama in Birmingham*, 706 F. 2d 1205 (11th Cir. 1983)( A reduction in attorney fee is warranted for duplication of effort only if attorneys were unreasonably doing same work.)  As Mr. Grumer's affidavit [DE 61] filed in support of the Motion states, there was minimal duplication of effort.   The joint labor of Mr. Grumer and Ms. Macaluso on August 28- 29, and September 3-4, 2014 was not duplicative or unreasonable. From the moment counsel was retained, counsel quickly recognized the very complex and fluid situation emerging out of the Defendants' Appleton, Wisconsin offices, given the entry of the TRO, the involvement and efforts of the FTC and the Receiver, and the limited flow of information available to the undersigned.    Although the FTC benefitted from more than one year's preparation of its case against Defendants, and the untold hours preparing dozens of detailed consumer declarations and investigative reports in support of the TRO, the undersigned had but a handful of days to digest the Complaint, the TRO and the FTC's evidentiary filings,

and prepare for the September 4 injunction hearing.  At least initially, in the time leading up to the September 4, 2014 temporary injunction hearing, the representation required countless hours and intense immersion into the available facts leading to the FTC's filing and preparation of a legal defense, as limited by the inability to review or to rely upon any of Defendants' documentation which was and remains in the Receiver's control.   The only source of information was Mr. Kieper, and multiple interviews and discussions involving Ms. Macaluso, Mr. Grumer, and sometimes involving both, and a lengthy joint conference on September 3, and joint appearance on September 4, were absolutely necessary and not unreasonable under the circumstances.[1]  It is the FTC's objection to the time as "duplicative" that is unreasonable, and not the attorney time, which was absolutely essential to the investigative process, and not duplicative of Mr. Grumer's time.

Although the FTC does not specifically address the request for costs, Defendant's counsel should also, at a minimum, be reimbursed out of pocket costs of $1,281.46 consisting largely of costs associated with copying ($759.20) and mailing ($116.48) the Preliminary Injunction Order to employees of Defendants and the related companies, as well as the third party telemarketing entities, in further compliance with the Preliminary Injunction Order.

Finally, Receiver's counsel opposes the Motion on the grounds that the receipt of the legal retainer by Grumer & Macaluso, P.A. from a non-party "affiliate" was determined to be in violation of the TRO and, later, grounds for the Receiver's contempt motion.  This is not grounds for denial of the Motion for limited relief, as the request for relief from asset freeze for

---

[1] Ironically, in connection with the Receiver's request for attorney's fees, Receiver's counsel submitted fee invoices for more than $100,000 in attorney's fees, separate and apart from the $59,0056.63 sought by the Receiver. [DE 69]. A close review of Receiver's counsel's invoices reveals numerous instances of duplicate billing by two or three attorneys, with no objection filed of record by the FTC thus far.  For example, between September 2 and September 4, numerous hours are logged by the Receiver and two attorneys in connection with the preparation of the preliminary report, as well as preparation for the September 4 hearing.

payment of attorney's fees seeks to modify the underlying TRO order, and by extension the Turnover Order, [DE 57] at issue in the contempt motion. *See Mercer v. Mitchell*, 908 F. 2d 763 (11th Cir. 1990)(explaining that a defendant may challenge strict enforcement of contempt sanctions as unjust by moving the court to modify the underlying order; in such as case, "If the court determines that the order should be modified and that the defendant did not violate the court order *as modified*, then ordinarily it would be unjust to hold the defendant in contempt.")

              Respectfully submitted,

              GRUMER & MACALUSO, P.A.
              Attorneys for DEFENDANTS
              One East Broward Boulevard, Suite 1501
              Fort Lauderdale, Florida 33301
              (954) 713-2700; (954) 713-2713 (fax)
              Primary Email:  Service@grumerlaw.com
              Secondary Emails: kgrumer@grumerlaw.com
                        slopez@grumerlaw.com

              By: __/s/ Keith T. Grumer_____
                 KEITH T. GRUMER
                 FLORIDA BAR No.:  550416

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 17th day of November, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties either via transmission of Notices of Electronic Filing generated by CM/ECF or vial U.S. Mail for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

              By: /s/ Keith T. Grumer_____