UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-RNS

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

**RECEIVER'S REPLY IN SUPPORT OF RECEIVER'S MOTION FOR AN ORDER
TO SHOW CAUSE WHY GARY KIEPER AND GRUMER & MACALUSO, P.A.
SHOULD NOT BE HELD IN CONTEMPT OF COURT**

Peter D. Russin, in his capacity as receiver (the "***Receiver***") of Partners in Health Care Association, Inc.; United Solutions Group Inc.; and their subsidiaries, affiliates, successors and assigns (collectively the "***Receivership Entities***"),[1] appointed pursuant to this Court's Temporary Restraining Order dated August 25, 2014 [ECF No. 9] (the "***TRO***"); the Stipulated Preliminary Injunction Against United Solutions Group Inc., Constanza Gomez Vargas, and Walter S. Vargas [ECF No. 31] (the ***"USGI Preliminary Injunction"***); and the Corrected Preliminary Injunction Against Partners In Health Care Association, Inc., and Gary L. Kieper [ECF No. 36] (the ***"PIHC Preliminary Injunction"***)[2] files this reply in support of his motion for the entry of an order to show cause why Grumer & Macaluso, P.A. and Gary Kieper (***"GM"*** and ***"Kieper,"*** respectively,

---

[1] The administration of the Receivership Entities is referred to herein as the ***"Estate."***
[2] Collectively the USGI Preliminary Injunction and PIHC Preliminary Injunction are referred to as the ***"Preliminary Injunctions."***

and collectively, the *"Respondents"*) should not be held in contempt [ECF No. 59] (the *"Motion"*) and states:

## REPLY

**A. Kieper had the ability to comply with all three Orders.**

Mr. Kieper argues that he should not be held in contempt because he is financially destitute, and thus cannot return the $5,500.00, as ordered by the Court's Order Granting Motion for Turnover of Receivership Funds [ECF No. 57] (the *"Turnover Order"*), and the Amended Order Granting Motion for Turnover of Receivership Funds [ECF No. 65] (the *"Amended Turnover Order"*). In essence, Mr. Kieper is arguing against the third element of civil contempt, that "the alleged violator had the ability to comply with the order." *National Fire Ins. Co. of Pittsburgh, Pa. v. Olympia Holding*, 140 Fed. Appx. 860, 863 (11th Cir. 2005).

Such a showing of financial inability <u>could</u> be relevant to the violation of the Turnover Order and Amended Turnover Order. However, financial inability cannot be a defense to contempt of the TRO. That is, Kieper has made no showing that he lacked the ability to comply with the TRO's clear mandate that neither he (or anyone else) make any transfers from the assets of Tri Resource Group, Ltd, an affiliate of Partners in Health Care Association, Inc.

Moreover, Mr. Kieper's allegation that he cannot comply because he is financially unable is suspect. Mr. Kieper states that "KIEPER previously delivered to the Receiver and the FTC complete financial disclosures that support his Declarations filed with the Court. The Receiver knew or should have known at the time of filing its Ex Parte Contempt Motion of KIEPER's financial straits." But those same financial disclosures show that Mr Kieper owns an $8,000.00 boat and $10,000.00 in personal property, yet nowhere does he indicate that he has made any

attempt to monetize those assets in order to comply with the Court's order. A copy of the relevant portion of the financial disclosures is attached as **Exhibit A**.

### B. The Motion is not moot because the Estate has not been compensated for its fees.

Next, Grumer & Macaluso, P.A. (*"GM"*) argues that contempt is mooted (as to them) by their return of the funds. It is not. "Compensatory contempt orders compensate the party harmed by the other party's contemptuous actions; coercive orders seek to cajole the party in contempt to act in the manner desired by the court." *Consol. Rail Corp. v. Yashinsky*, 170 F.3d 591, 595 (6th Cir. 1999). As part of the relief sought by the Receiver in the Motion, the Receiver requested attorney's fees, as would compensate the Estate for its costs in securing compliance with the violated orders.

While the coercive aspect of the Motion may have been mooted by the return of the funds, the compensatory aspect surely was not. "If the civil contempt proceeding is compensatory, the termination of the underlying action out of which the contempt hearing arose does not moot the contempt proceeding." *Mar-Jac Poultry, Inc. v. United States*, 153 F. App'x 562, 565 (11th Cir. 2005) (quoting *Petroleos Mexicanos v. Crawford Enters.*, Inc., 826 F.2d 392, 400 (5th Cir.1987)).

### C. The TRO was clear and unambiguous.

GM then argues that its acceptance of the funds in violation of the TRO was not a wilful violation, because it could not have known that Tri Resource Group, Ltd. was an 'affiliate.' "The Supreme Court has made clear that the absence of willfulness is not a defense to a charge of civil contempt." *F.T.C. v. Leshin*, 618 F.3d 1221, 1232 (11th Cir. 2010); *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949). But even if wilful

violation were necessary, GM knew that Tri Resource Group, Ltd. was an affiliate. Putting aside that under any legal definition, Tri Resource Group, Ltd. is clearly an affiliate, in that they have common ownership, location, and business functions, even before the Court ruled that Tri Resource Group, Ltd. was an affiliate, Mr. Grumer recognized that "Tri-Resource Group. . . -- yes, it is an affiliate in the sense that it provides -- it is the service arm." *Preliminary Injunction Hr'g Tr.* 97: 23-25 [ECF No. 45-1]. Contrary to GM's assertions, there are no ambiguities in the TRO. The transfer of the assets of an 'affiliate' are clearly proscribed, and Tri Resource Group Ltd is clearly an affiliate.

### D. GM's noncompliance is not excused.

GM next argues that it should not be held in contempt for violation of the Turnover Order because the Court set no deadline for compliance. Even without a deadline, however, "a finding of contempt is appropriate if the [contemnor] did not diligently attempt to comply with the order in a reasonably timely manner. *Bldg. Serv. 32B-J Pension Fund v. Vanderveer Estates Holding, LLC*, 127 F. Supp. 2d 490, 496 (S.D.N.Y. 2001); *see also Bambu Sales, Inc. v. Ozak Trading Inc.,* 58 F.3d 849, 853 (2d Cir. 1995). This Court has already noted that the "Court finds it incomprehensible how anyone could read the Court's order, which clearly finds that funds were improperly withdrawn, to require anything less than full and immediate turnover of the funds." Yet, as set forth in the Motion, GM brazenly indicated that it would not turn over the funds simply because there was no deadline.

GM also argues that contempt is inappropriate if this Court grants its request for limited relief from the Preliminary Injunction for the payment of attorney fees. GM cites *Mercer v. Mitchell*, 908 F. 2d 763 (11th Cir. 1990). But GM's reliance on *Mercer,* is inapposite, in that

*Mercer* dealt solely with coercive sanctions. Of course it would be unjust to enter coercive sanctions to coerce compliance with an order with which the contemnor becomes in compliance by virtue of the modification. But nothing in *Mercer* holds that the other parties should not be compensated pursuant to the Court's power to hold a compensatory contempt proceeding. Moreover, the Receiver has opposed GM's motion for limited relief, and *Mercer* states that if "the court concludes that the order should not be modified and that the defendant did not comply with the order, then the court may hold him in contempt and impose sanctions." 908 F. 2d at 768.

      Finally, in a lengthy footnote, GM laments that it has been placed in a "lose-lose" situation, whereby it is unlikely to be paid for it efforts in defending this action. But that situation is entirely of GM's own making, in that GM: violated the TRO by accepting Estate funds; completely ignored the Receiver's request to turnover such funds; chose not to follow the Court's first Order directing turnover; waited until after the first Order granting turnover to apply for fees; and turned over the funds only after forcing the Receiver to file four pleadings, and secure two Orders of this Court. Indeed, had GM asked the Receiver to release funds for defense; actually responded once the Receiver learned of the transfers at issue; or not so brazenly refused to comply with the Turnover Order, the Receiver would have considered a carveout in good faith. But the suggestion that GM has been victimized by the Receiver is disingenous at best under the circumstances.

WHEREFORE, the Receiver requests this Court enter an Order to show cause why Grumer & Macaluso, P.A. and Gary Kieper should not be held in contempt; enter sanctions in favor of the Estate against Grumer & Macaluso, P.A. for the Estate's attorney fees and costs in prosecuting the Turnover Motion and this Motion; and that the Court enter such other and further relief as is just and appropriate.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida  33131
Telephone: (305) 358-6363
*Attorneys for Peter D. Russin, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being delivered to the following parties via transmission of Notices of Electronic Filing this 20th day of November 2014.

/s/ Lawrence E.  Pecan
Lawrence E. Pecan, Esquire


**Gary L. Ivens**
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
Fax: 326-3395
Email: givens@ftc.gov


**Christopher E. Brown**
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
202-326-2825
Email: cbrown3@ftc.gov

**Keith Thomas Grumer**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
954-713-2700
Fax: 954-713-2713
Email: kgrumer@grumerlaw.com

**Bruce S. Rogow**
Bruce S. Rogow PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
954-767-8909
Fax: 954-764-1530
Email: brogow@rogowlaw.com

**Tara A Campion**
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Fort Lauderdale, FL 33394
(954) 767-8909
Fax: (954) 764-1530
Email: tcampion@rogowlaw.com