United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Federal Trade Commission, Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 14-23109-Civ-Scola |
| ) | |
| Partners In Heath Care Association, ) | |
| Inc., *et al.*, Defendants ) | |

### Order On Motion for Limited Relief For Payment of Attorney's Fees From Frozen Assets

This matter is before the Court on Defendant's Motion for Limited Relief For Payment of Attorney's Fees from Frozen Assets (ECF No. 60). On August 25, 2014, the Court entered a Temporary Restraining Order which froze Defendants' assets (ECF No. 9). A receiver was appointed and a hearing was later held on September 4, 2014. Following the hearing, the Court entered a Preliminary Injunction, effectively continuing the asset freeze (ECF No. 36). Now Counsel for Defendants Partners In Health Care Association, Inc. and Gary L. Kieper seek to unfreeze a portion of Defendants' assets to pay for attorney's fees and costs. Specifically, the Motion seeks $17,455.50 for legal services provided through the date of the Temporary Injunction hearing on September 4, 2014; $14,481.00 for additional costs and services through September 30, 2014; $1,281.46 for additional costs; and $10,000.00 for anticipated legal services.

A district court has the inherent, equitable power to freeze assets "as an incident to its express statutory to issue a permanent injunction under Section 13 of the Federal Trade Commission Act." *FTC v. U.S. Oil & Gas Corp.,* 748 F.2d 1431, 1432 (11th Cir.1984). The natural corollary to this rule is that a court may unfreeze those assets when equity requires. *See Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc.,* 67 F.3d 766, 775 (9th Cir.1995) (holding that the district court did not abuse its discretion by precluding defendants from using frozen assets to pay their attorney fees in a civil-law-enforcement case because the "frozen assets fell far short of the amount needed to compensate [defendants'] customers"). The word *may* in the previous sentence is significant, as a court has discretion to refuse to unfreeze assets so that a defendant can use those assets to pay for living expenses or attorney fees. *See FTC v. RCA Credit Servs., LLC,* 2008 WL 5428039, at *4 (M.D. Fla. Dec. 31, 2008). When frozen assets are less than the amount needed to

compensate consumers for their losses, a district court can properly refuse to unfreeze assets. *Id.* at 4.

Both the Receiver and the FTC have filed responses to this Motion. The Receiver opposes the relief requested in the Motion (ECF No. 71), but the FTC concedes that Defendants are entitled to *reasonable* attorney's fees up to through the preliminary injunction hearing (ECF No. 66). However, the FTC disputes the amount of fees Defendants request.

After reviewing the Motion, the Receiver's and the FTC's responses, the billing records, and the relevant legal authorities, the Court will permit the recovery of reasonable attorneys' fees up through the preliminary injunction hearing, consistent with its ruling in *FTC v. IAB Marketing Associates, LP*, No. 12-61840-Civ, 2013 WL 2432214 (S.D. Fla. June 4, 2013) (Scola, J.). However, the Court agrees with the FTC that the amount should be adjusted. Specifically, the Court deducts 4 hours billed by Maidenly Macaluso for attending the hearing on September 4, 2014, as attorney Keith Grumer also attended the hearing and presented the entire oral argument.

Therefore, the Court **grants in part and denies in part** Defendants' Motion (ECF No. 60). Assets up to $15,315.50 are unfrozen in order to pay for the Defendants' reasonable legal fees and legal expenses/costs that were incurred up to the date of the preliminary injunction hearing;

**Done and ordered** in chambers, at Miami, Florida, on November 26, 2014.

_____
Robert N. Scola, Jr.
United States District Judge