UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 1:14-cv-23109-RNS

FEDERAL TRADE COMMISSION,

    Plaintiff,

v.

PARTNERS IN HEALTH CARE
ASSOCIATION, INC., *et al.,*

    Defendants.
_____/

### RECEIVER'S JOINDER IN
### PLAINTIFF FEDERAL TRADE COMMISSION'S OPPOSITION TO
### DEFENDANTS' MOTION FOR LIMITED RELIEF FROM ASSET
### FREEZE FOR PAYMENT OF LIVING EXPENSES FROM FROZEN
### ASSETS, AND OTHER RELIEF

Peter D. Russin, in his capacity as receiver (the "***Receiver***") of Partners in Health Care Association, Inc.; United Solutions Group Inc.; and their subsidiaries, affiliates, successors and assigns (collectively the "***Receivership Entities***"),[1] hereby joins with the FTC's Opposition [ECF No. 83] (the ***"Opposition"***) to the Motion (the ***"Motion"***) for Limited Relief for Relief from the Asset Freeze [ECF No. 74] and states.

1.    The Receiver joins in the Opposition as if fully set forth herein.

2.    The Motion is inaccurate to the extent that it states that the "Receiver took control over Mr. Kieper's [assets]." While those assets may be covered by the Asset Freeze Provisions of the TRO and Preliminary Injunctions, they are not controlled or administered by the Receiver. Accordingly, the Receiver defers to the FTC as to whether such amounts should be unfrozen.

---

[1] The administration of the Receivership Entities is referred to herein as the ***"Estate."***

3. To the extent that Mr. Kieper seeks payment from the Receivership Entities, he has cited no case law to support that proposition. The cases cited by Mr. Kieper may go to whether Mr. Kieper may utilize *his own* assets which have been frozen to pay for living expenses, but not the assets of a Receivership Entity in which he owns an interest.

4. To the extent that Mr. Kieper seeks money from the Receivership Entities, he would be asking this Court to not only unfreeze assets of the Receivership Entities, but also to order the Receivership Entities to make a distribution to equity. He is providing no services to the Receivership Entities, so he cannot be paid wages. It is axiomatic that an insolvent entity cannot make a distribution to equity to the detriment of its creditors.

WHEREFORE, the Receiver requests this Court deny the Motion and grant such other and further relief as is just and equitable.

Respectfully submitted,

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire
Florida Bar No. 99086
lpecan@melandrussin.com
MELAND RUSSIN & BUDWICK, P.A.
200 South Biscayne Blvd., Ste. 3200
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Peter D. Russin, Receiver*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing is being delivered to the following parties via transmission of Notices of Electronic Filing this 1st day of December, 2014.

/s/ Lawrence E. Pecan
Lawrence E. Pecan, Esquire


**Gary L. Ivens**
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-2230
Fax: 326-3395
Email: givens@ftc.gov


**Christopher E. Brown**
U.S. Federal Trade Commission
600 Pennsylvania Ave NW
Mail Stop CC-8509
Washington, DC 20580
202-326-2825
Email: cbrown3@ftc.gov

**Keith Thomas Grumer**
Grumer & Macaluso PA
1 East Broward Boulevard
Suite 1501
Fort Lauderdale, FL 33301
954-713-2700
Fax: 954-713-2713
Email: kgrumer@grumerlaw.com

**Bruce S. Rogow**
Bruce S. Rogow PA
500 East Broward Boulevard
Suite 1930
Fort Lauderdale, FL 33394
954-767-8909
Fax: 954-764-1530
Email: brogow@rogowlaw.com

**Tara A Campion**
Bruce S. Rogow, P.A.
500 East Broward Blvd.
Suite 1930
Fort Lauderdale, FL 33394
(954) 767-8909
Fax: (954) 764-1530
Email: tcampion@rogowlaw.com