

United States District Court
for the
Southern District of Florida

Federal Trade Commission, Plaintiff

v                                    Civil Action No. 14-23109-Civ-Scola

Gary Kieper, Defendant

## MOTION TO TURN OVER PERSONAL PROPERTY

Defendant had personal property located at the corporate office, 520 S. Westland Dr., Appleton, WI which included tax returns and tax receipts, among other property. Defendant has been locked out of the corporate office without supervision from John Menn, an attorney hired by the Receiver to oversee the property. On or about November 13, 2014 we made arrangement with John Menn's office for Cindy to meet us at the above location so we could remove personal property. Once the vehicles were full I still had one large box that contained my personal property as well as three refrigerators that needed to be removed prior to the auction. I informed Cindy that it would take me about an hour to empty my car and return for the additional boxes and to get a truck to remove the refrigerators. She stated that she did not have the time that day to allow us to come back because she had scheduled conferences with her children at school. My concern that I expressed to her was making sure that all personal property was removed prior to the auction and she assured me that it was months away and guaranteed me that she would notify us in plenty of time before the auction so that all personal property was removed.

I received a text from Cindy on January 15, 2015 stating that we needed to remove the refrigerators and boxes the following day. We agreed that we would meet at 4:00 on January 16, 2015. Upon arrival, I immediately call Cindy because the large box that had all of my personal property, including the much needed tax returns and receipts was removed from the front conference room. Cindy informed me that John had place my personal property on one of the refrigerators, when I looked I told Cindy it was not the box that I needed. She assured me that the items were secure and that I would get them.

I sent John Menn a certified letter on January 20, 2014 and copied the FTC and the Receiver requesting the return of my personal property and have not receive a response from either John Menn or Peter Russin. I sent an email to the Receiver again on January 26, 2014 without even an acknowledgement of the request.

The Defendant is attempting to settle this matter without a jury trial with the FTC but cannot, according to the FTC without knowing what the Defendants total tax liability is and this cannot be computed without those records. Secondly, the tax receipts are required to be in my possession in the event of any kind of tax audit.

It is also requested that neither the Receiver nor John Menn receive any billing compensation for the procurement of these documents because it was John Menn's employee who assured us that she would give us ample notice to remove personal property, prior to the auction. This would be an unreasonable and unnecessary expense charged against the businesses in receivership.

Respectfully submitted,

Gary Kieper

Mailed to United States District Judge Robert N. Scola, Jr., Wilkie D. Ferguson, Jr., United States Courthouse, 400 North Miami Ave., Room 12-3, Miami, FL 33128

Emailed to:
Lawrence Pecan
Gary L. Ivens

Gary Kropa
1518 Oshkosh Ave
Oshkosh, WI 54902

United States District Judge
Robert N. Scola Jr.
Wilkie D. Ferguson Jr.
United States Courthouse
400 N. Miami Ave Rm 12-3
Miami, FL 33128

USMS INSPECTED
RECEIVED
MILWAUKEE WI 530
FEB 05 2015